IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUANE COURTNEY,**

    **Petitioner,**

    v.

**MAJOR PERRY, WARDEN,**

    **Respondent.**

**CASE NO. 2:17-cv-0026**

**JUDGE MICHAEL H. WATSON**
**MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, who is being held at the Franklin County Jail awaiting trial on criminal charges, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** because Petitioner has not exhausted his state court remedies.

### I.  Facts and Procedural History

The brief habeas corpus petition which has been filed states these facts. Petitioner is housed at the Franklin County Corrections Center located on Jackson Pike in Columbus, Ohio. A bond of $10,000.00 has been set in his case and he has not been able to post it. He asserts that, as of the date he filed his petition (January 11, 2017), he had been incarcerated for almost forty days without a pretrial hearing or any discovery. Although he also describes, in his petition, certain problematic conditions of confinement, in his request for relief, Petitioner asks to be released from the jail, and also asks that his criminal case be

removed to federal court if possible.  *See* Doc. 1.

## II. Exhaustion of State Remedies

It is a statutory requirement that before a federal court can grant habeas corpus relief to a state prisoner who is being held under a judgment issued by a state court, that prisoner must have asked for relief from the state courts and been denied.  *See* 28 U.S.C. §2254(b).  That statute says both that a petitioner cannot get federal habeas corpus relief unless he or she "has exhausted the remedies available in the courts of the State...."  There is an exception available if the state has no corrective process to address the particular issue being raised.  The reason that a petitioner must first seek relief from the state courts is so those courts have a chance to fix their own errors before a federal court steps in and does it for them.  As the United States Supreme Court said in *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999),

> State courts, like federal courts, are obliged to enforce federal law. Comity [which is the respect a federal court owes to the state judicial system] thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.

Additionally, as the *O'Sullivan* court made clear, it is not enough to ask just one state court to address the problem; "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *Id*. at 845.

It is rare that a federal court gets involved in a state criminal matter before the

2

Petitioner has been convicted of a crime, but it does happen.  In that situation, the prisoner is not being held under a judgment of conviction by a state court, so the exhaustion requirement set forth in §2254(b) does not apply directly.  However, even if the relief is being sought under 28 U.S.C. §2241 (which is the federal statute to be used by prisoners who are still awaiting trial), state court remedies must be exhausted.  As the Court of Appeals said in *Atkins v. People of the State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981), "although §2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner."

So the question here is whether there are remedies that Petitioner can pursue through the state courts to challenge his being held on a $10,000.00 bond, which he appears to consider excessive - a claim arising under the Eighth Amendment to the United States Constitution - or to challenge the length of his pretrial detention.  The answer is yes, and Petitioner's failure to pursue those remedies prevents this federal court from ordering his release.

A similar issue was presented to the United States District Court for the Northern District of Ohio in *Roth v. McGuire*, 2007 WL 315766 (N.D. Ohio Jan. 30, 2007).  There, the court, after acknowledging that the exhaustion requirement applies to a state-court defendant seeking review of bond conditions in federal court, held that Ohio allows such persons to seek relief in the state courts by filing a petition for a state writ of habeas corpus.

3

*Roth* cited the Ohio Supreme Court's decision in *Chari v. Vore*, 91 Ohio St. 3d 323, 325 (1991) as holding that "[h]abeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases." Ohio courts have routinely heard state habeas corpus cases where bail is an issue. *See, e.g., Smith v. Leis*, 165 Ohio App.3d 581 (Hamilton Co. 2005). Consequently, until Petitioner asks the state courts to review his bail, he cannot get any relief on that issue from a federal court.

Petitioner has also asked that, if possible, his state court criminal case be removed to federal court. Removal of a case from state court can occur only if there is a statute which authorizes it. "The right of a defendant or defendants to remove rests entirely by statutory provision...." *Perkins v. Halex Co. Div. of Scott Fetzer*, 744 F.Supp. 169, 172 (N.D. Ohio 1990). A criminal case can be removed only if the defendant is an officer or agency of the United States or is a member of the military who is being prosecuted for an act taken in that capacity. *See* 28 U.S.C. §§1442, 1442a. Petitioner has not alleged any basis for removal, so he is not entitled to that remedy.

### III. Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as unexhausted.

### IV. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

4

together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge

5